**James R. GREGORY, Sr., Movant**

v.

**KENTUCKY BAR ASSOCIATION,**
**Respondent.**

No. 2004–SC–0870–KB.

Supreme Court of Kentucky.

Dec. 16, 2004.

James R. Gregory, Sr., Elizabethtown, for Movant.

Bruce K. Davis, Executive Director, Kentucky Bar Association, Frankfort, Counsel for Respondent.

## OPINION AND ORDER

The Movant, James R. Gregory, Sr. ("Gregory") moves this Court to suspend him from the practice of law in the Commonwealth of Kentucky for a period of thirty (30) days for the following: (1) his failure to ensure in accordance with SCR 3.130–5.3(b) that his legal assistant/secretary's conduct was compatible with his professional obligations in maintaining client funds, and (2) his commingling of personal funds with client funds held in his escrow account as prohibited by SCR 3.130–1.15(a). The Kentucky Bar Association does not object to Gregory's motion.

Gregory, whose address is # 2 Public Square, Elizabethtown, Kentucky 42701, delegated the handling of his escrow account and client funds to his legal assistant/secretary. In 1997, Gregory received $5,000.00 as a partial settlement on behalf of his client Sean Rock ("Rock"), whom he represented in an insurance action. At that time, Rock was an inmate at Kentucky State Penitentiary, so Gregory deposited the check in a joint account in their names at First Citizens Bank of Hardin County. A year later Gregory informed Rock that the money was still in the joint account; however, in responding to Rock's inquiry, Gregory discovered that his legal assistant/secretary had transferred the money to Gregory's escrow account and had closed the joint account. Gregory then paid the money to Rock.

From 1999 through 2001, Gregory's legal assistant/secretary commingled Gregory's personal funds with client funds in his escrow account at First Federal Savings Bank of Hardin County.

By failing to hold his clients' property separate from his own property, Gregory has violated SCR 3.130–1.15(a). In failing to ensure that his legal assistant/secretary's conduct comported with his professional obligations as a lawyer, Gregory has violated SCR 3.130–5.3(b). In accordance with SCR 3.130–5.3(c) Gregory is responsible for his legal assistant/secretary's conduct in violation of the Rules of Professional Conduct because he knew of the conduct, ratified it and failed to take remedial action when the consequences of the conduct could have been avoided.

We would note that although Gregory is not required by SCR 3.390 to notify his

clients of his suspension, he has volunteered to do so.

ACCORDINGLY, IT IS HEREBY ORDERED:

(1) The Movant is suspended from the practice of law in the Commonwealth of Kentucky for a period of thirty (30) days. The period of suspension shall commence on the date of entry of this Order.

(2) In accordance with his agreement, Gregory shall notify his clients of his suspension.

(3) In accordance with SCR 3.450, Gregory is ordered to pay all costs associated with these disciplinary proceedings against him, including the amount of $1,387.68 assessed against him as of October 14, 2004, and for which execution may issue from this Court upon finality of this Opinion and Order.

All concur.

Entered: December 16, 2004.

/s/ Joseph E. Lambert
Chief Justice