James R. GREGORY, Sr., KBA
Member No. 82400,
Movant,

v.

KENTUCKY BAR ASSOCIATION,
Respondent.

No. 2009–SC–000369–KB.

Supreme Court of Kentucky.

Aug. 27, 2009.

See also 151 S.W.3d 31.

## OPINION AND ORDER

Movant, James R. Gregory, Sr., KBA Member No. 82400, was admitted to the practice of law in the Commonwealth of Kentucky on April 22, 1988, with a last known bar roster address of # 2 Public Square, Elizabethtown, Kentucky 42701. On December 16, 2004, Movant was suspended from the practice of law for thirty (30) days.[1] However, the Office of Bar Counsel filed an objection to Movant's automatic reinstatement pursuant to SCR 3.510(2), and he has remained suspended since that date.

Movant now requests the Court, pursuant to SCR 3.480(2), to impose the sanction of a three (3) year suspension from the practice of law, to commence retroactively on January 31, 2007. The motion for suspension from the practice of law, along with the relevant case law, has been re-

---

1. See *Gregory v. Kentucky Bar Association,* 151 S.W.3d 31 (Ky.2004).

viewed and approved by the Chair of the Inquiry Commission and the Immediate Past President of the Kentucky Bar Association, pursuant to the Office of Bar Counsel's standard procedure in consensual discipline cases. The Kentucky Bar Association states in response that it has no objection to Movant's motion.

Movant admits that he is guilty of violating the Rules of Professional Conduct as set out in the following files: KBA files 10992, 12101, 12134, 13031, 13144, and 13344. However, he does not admit guilt as to Count II in KBA File 12134. In addition, Movant has admitted that his ethical violations were the result of his substance abuse problem, and he has agreed to enter into a Supervision Agreement with the Kentucky Lawyers Assistance Program for a minimum period of three (3) years. Movant and Respondent also agree to the following facts and circumstances:

## KBA FILE 10992

This charge arose out of Movant's representation of Nikki Clan in an uncontested divorce. Ms. Clan and her husband signed a separation agreement on September 9, 1997. This document, however, as well as the Petition for Dissolution of Marriage and Entry of Appearance, was not filed until October 18, 2002, due to Ms. Clan's nonpayment of Movant's fees in full. On October 9, 2003, Ms. Clan filed a letter with the Hardin Circuit Court expressing displeasure over the inaction of Movant. She requested a refund of all fees paid and terminated the attorney/client relationship.

Movant admits that his inaction violated SCR 3.130–1.3 and 1.16(d) as set out in the charge. Additionally, the unearned portion of Movant's fee was repaid to Ms. Clan on January 15, 2008.

## KBA FILE 12101

On April 7, 2004, Movant was retained by Charlotte Bockrath to file an uncontested divorce in the Hardin Circuit Court. Ms. Bockrath signed the Petition for Dissolution of Marriage on May 6, 2004, but Movant did not file it until July 28, 2004. Before the petition was filed, Ms. Bockrath periodically called Movant to inquire about the status of her case. Movant told her the reason for the delay was that it was "caught up in the Court due to the change over of the Family Court Judge." Ms. Bockrath then called the Hardin Circuit Court Clerk's Office to check the status of her case and was informed it had not yet been filed. Ms. Bockrath then filed a bar complaint against Movant on August 9, 2004.

After receiving a copy of the complaint, Movant contacted Ms. Bockrath and presented her with a letter which he had drafted. The letter was addressed to the Office of Bar Counsel and stated: "Several weeks ago I filed a complaint against James R. Gregory, Sr., stating that I did not feel that he had handled my divorce quickly enough. Shortly after that complaint, my divorce was completed. As a result of that, I wish to withdraw my complaint against Mr. Gregory." Despite signing the letter drafted by Movant, Ms. Bockrath sent another letter to the Office of Bar Counsel on October 20, 2004, reiterating the facts and allegations in her bar complaint and again stating that she was not satisfied with Movant's representation of her during her divorce.

Movant admits his actions violated SCR 3.130–1.3, 8.3(c), and 3.4(b) as set out in the charge.

## KBA FILE 12134

This charge arose out of Movant's representation of Tracy Schultz. On November 11, 2000, Ms. Schultz was served with a

copy of an Amended Petition for Dissolution of Marriage filed by her husband, Thomas Carl Schultz, Jr., in the Larue Circuit Court on November 1, 2000. Ms. Schultz hired Movant to file an answer on her behalf; however, no answer or any pleadings were filed, causing her to be in default. On January 19, 2001, the Findings of Fact, Conclusions of Law, and Default Judgment were entered in the Larue Circuit Court, awarding custody of the minor child to Thomas Carl Schultz, Jr.

Movant admits that his actions violated SCR 3.130–1.3, 8.3(c), and 8.1(b) as set out in the charge. Movant does not, however, admit guilt as to Count II of the charge, concerning a conflict of interest pursuant to SCR 3.130–1.7(b).

### KBA FILE 13031

In December of 2002, Movant was retained by Tammy Despain to represent her in a pending felony criminal case. Additionally, on November 9, 2003, Ms. Despain retained Movant to file a bankruptcy petition on her behalf and paid an initial retainer of $250.00. Ms. Despain also paid Movant an additional $450.00 over the next several months and provided him with all bills and necessary records to prepare the petition, but none was ever drafted.

Ms. Despain's criminal case was still pending on December 16, 2004, when Movant's thirty (30) days suspension was ordered. However, Movant failed to give notice of his suspension to Ms. Despain or inform her of her upcoming court appearances. Consequently, neither Movant nor Ms. Despain appeared for a hearing, and Ms. Despain was subsequently incarcerated for approximately one week. When Ms. Despain discovered that Movant had been suspended, she made repeated attempts to contact him and left messages on his home answering machine. Movant failed to return Ms. Despain's calls and did not return any portion of the unearned

fees from either the criminal or bankruptcy cases. Movant was served with a copy of the bar complaint filed by Ms. Despain on June 27, 2005, but failed to file a response.

Movant admits that his actions violated SCR 3.130–1.3, 1.16(d), 3.4(c), 8.1(b), and 8.3(c) as set out in the charge. Movant has also agreed to refund the unearned fee in the amount of $1,200.00 to Tammy Despain.

### KBA FILE 13144

On October 2, 2004, Movant was paid $2,500.00 by Larry Madison to represent him in a divorce case. Movant was aware at the time he accepted the money that he had just signed a motion to be suspended from the practice of law. Movant failed to perform any work for Mr. Madison.

On November 8, 2004, Mr. Madison paid Movant $1,500.00 for his representation on criminal charges and a bond reduction. Movant was aware, at the time he accepted the money, that he was about to be suspended from the practice of law for thirty (30) days. Although Movant appeared at Mr. Madison's arraignment, he never filed a written motion for bond reduction. On December 16, 2004, Movant was ordered by this Court to notify his clients of his suspension, but Movant failed to so notify Mr. Madison.

In January 2005, while Mr. Madison remained incarcerated on the criminal charges, he was served with final copies of his divorce papers. Mr. Madison maintains that he was not given the opportunity to agree or disagree with any part of the divorce or division of property. Mr. Madison became aware of Movant's suspension during his post-indictment arraignment. Mr. Madison's sister and daughter also made numerous unreturned phone calls to Movant to discuss the status of the case. Mr. Madison then retained James Dinwid

die to represent him. Dinwid die wrote to Movant on behalf of Mr. Madison and asked that he return $4,000.00 of the retainer and a copy of the file. Movant failed to respond to either request. Mr. Madison filed a bar complaint, and Movant received a copy on August 24, 2005. Movant failed to file a response.

Movant admits that his actions violated SCR 3.130–1.3, 1.16(d), 3.4(c), 8.1(b), and 8.3(c) as set out in the charge. Movant has also agreed to refund the unearned fee in the amount of $1,500.00 to Larry Madison.

### KBA FILE 13344

In August, 2004, John H. Aubrey was arrested for assault in the first degree and wanton endangerment. He retained Movant to represent him in the criminal case with a down payment of $2,500.00. A pretrial conference was scheduled for March 11, 2005. Movant did not appear at the hearing because he had been suspended from the practice of law on December 16, 2004. He did not inform Mr. Aubrey of his suspension, and the court appointed a public defender to represent him. Mr. Aubrey made numerous attempts to contact Movant, but Movant did not return his phone calls. Movant also did not return Mr. Aubrey's file or any portion of the unearned fee. Movant was served with a copy of the bar complaint on September 26, 2005, and he failed to file a response.

Movant admits that his actions violated SCR 3.130–1.4, 1.5(a), 1.16(d), 8.1(b), and 8.3(c) as set out in the charge. Movant has also agreed to refund the unearned fee in the amount of $900.00 to John H. Aubrey.

### CONCLUSION

Movant has admitted violating the Rules of Professional Conduct in the above-referenced cases. Upon the foregoing facts and charges, we find sufficient evidence to adjudicate Movant guilty of the charges in KBA Files 10992, 12101, 12134 (with the exception of Count II), 13031, 13144, and 13344. We further hold, having reviewed Movant's motion for suspension from the practice of law, and having received the recommendations from the Chair of the Inquiry Commission and the Kentucky Bar Association, that his motion should be granted.

We accept the parties' agreed disposition, and IT IS HEREBY ORDERED THAT:

1. James R. Gregory, Sr., KBA Member No. 82400, is adjudged guilty of the charges made in KBA Files 10992, 12101, 12134 (with the exception of Count II), 13031, 13144, and 13344.

2. James R. Gregory, Sr., KBA Member No. 82400, is suspended from the practice of law for three (3) years, to commence retroactively on January 31, 2007.

3. Pursuant to SCR 3.390, Movant shall, within ten (10) days from the entry of this Opinion and Order, notify all clients, in writing, of his inability to represent them; notify all courts in which he has matters pending of his suspension from the practice of law; and furnish copies of said letters of notice to the Director of the Kentucky Bar Association. Furthermore, to the extent possible, Movant shall immediately cancel and cease any advertising activities in which he is engaged and shall comply with the notice provisions of SCR 3.480(3)(b).

4. Movant shall enter into and comply with a new Supervision Agreement with the Kentucky Lawyers Assistance Program for a minimum of three additional (3) years. Further, Movant shall refund all unearned fees to his clients, said amount being $3,600.00, before seeking reinstatement.

5. In accordance with SCR 3.450, Movant is directed to pay all costs associated with this proceeding in the amount of $336.38, for which execution may issue from this Court upon finality of this order.

All sitting. All concur.

ENTERED: August 27, 2009.

/s/ John D. Minton, Jr.

CHIEF JUSTICE